EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, for Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Platinum Partners Value Arbitrage Fund L.P., et al.
Debtor

Case No. 16-12925 (jointly administered)

*(Complete if issued in an adversary proceeding)*

Chapter 15

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: CohnReznick LLP

*(Name of person to whom the subpoena is directed)*

[X] **Production**: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Morgan, Lewis & Bockius LLP, c/o Joshua Dorchak 101 Park Avenue, New York, New York 10178 | DATE AND TIME October 2, 2017 at 5:00 p.m. (ET) |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 31, 2017

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Margot MacInnis, authorized foreign representative, who issues or requests this subpoena, are:

Joshua Dorchak; Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178; (212) 309-6700; joshua.dorchak@morganlewis.com

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

16-12925-scc    Doc 53-4    Filed 01/25/18    Entered 01/25/18 19:46:33    Exhibit 1-to Gordon Declaration    Pg 3 of 13

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

16-12925-scc    Doc 53-4    Filed 01/25/18    Entered 01/25/18 19:46:33    Exhibit 1-to Gordon Declaration    Pg 4 of 13

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ANNEX A

**Document Requests Directed to CohnReznick LLP**

I.  **DEFINITIONS**

1. "CohnReznick" means CohnReznick LLP, each of its affiliates, predecessors and successors in interest, each of its present and former members, attorneys, agents, employees, representatives, managers, administrators, advisors, and any other Person acting on its behalf or otherwise subject to its control.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "Concerning" means relating to, referring to, describing, detailing, evidencing, or constituting.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5. "Funds" means any or all of the Master Fund, the Intermediate Fund and the International Fund.

6. "Including" means including, but not limited to.

7. "Intermediate Fund" means Platinum Partners Value Arbitrage Intermediate Fund Ltd (in Official Liquidation), each of its collective parents, subsidiaries, affiliates, predecessors and successors in interest, each of its present and former members, attorneys, agents, employees, representatives, managers, administrators, advisors, and any other Person acting on its behalf or otherwise subject to its control.

8. "Intermediate Fund Liquidators" means Margot MacInnis and Cosimo Borrelli, as joint official liquidators of the Intermediate Fund.

9. "International Fund" means Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation), each of its collective parents, subsidiaries, affiliates, predecessors and successors in interest, each of its present and former members, attorneys, agents, employees, representatives, managers, administrators, advisors, and any other Person acting on its behalf or otherwise subject to its control.

10. "International Fund Liquidators" means Margot MacInnis and Nilani Perera, as joint official liquidators and Chapter 15 authorized foreign representatives of the International Fund.

11. "Liquidators" means any or all of the Master Fund Liquidators, the Intermediate Fund Liquidators and the International Fund Liquidators.

12. "Master Fund" means Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation), each of its collective parents, subsidiaries, affiliates, predecessors and successors in interest, each of its present and former members, attorneys, agents, employees, representatives, managers, administrators, advisors, and any other Person acting on its behalf or otherwise subject to its control.

13. "Master Fund Liquidators" means Matthew Wright and Christopher Kennedy, as joint official liquidators and Chapter 15 authorized foreign representatives of the Master Fund.

14. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

15. "You" and "your" refers to CohnReznick LLP.

16. When referring to a person, "to identify" means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

17. When referring to documents, "to identify" means to state, to the extent known, the type, general subject matter, date, and author(s), addressee(s) and recipient(s), of the document.

18. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

20. The use of the singular form of any word includes the plural and vice versa.

### INSTRUCTIONS

1. Each request for documents seeks production of all documents described herein, and any attachments thereto, in your possession, custody, or control or in the possession, custody or control of any of your attorneys, employees, agents, or representatives, and all documents and any attachments which you or any of your attorneys, employees, agents, or representatives have the legal right to obtain or have the ability to obtain from sources under your or their control.

2. Unless otherwise specified, the documents called for by these document requests are documents that were applicable, effective, prepared, written, generated, sent, dated, or received at any time during the period commencing January 1, 2014 through and including the date of receipt of these document requests. Documents created outside this time period that refer to actions or matters taken or considered within this time period are to be considered to be within the time period defined in this paragraph.

3

3. Each request for documents seeks production of all documents described, including all drafts and nonidentical copies. If more than one identical copy of a document exists, produce the most legible copy.

4. Each request for a document contemplates production of the document in its entirety, without abbreviation or redaction.

5. These requests are continuing in nature. Any additional documents coming into your possession that are responsive to the foregoing requests shall be furnished promptly. Additionally, if you become aware that a response is inaccurate, incomplete, or misleading, you are required to supplement or amend your response.

6. Each request shall be construed independently and not with reference to any other request for documents or communications.

7. You should produce documents or communications not directly responsive to a request if such documents or communications refer to, relate to, reflect, concern, or explain the documents or communications called for by the document request, or if such documents or communications are attached to documents or communications called for by the request.

8. If any of the following requests for production of documents cannot be complied with in full, they shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

9. If there are no documents or communications responsive to a particular request, you shall so state in writing.

10. If you object to any particular portion of any request herein, you are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection.

4

11. The Liquidators have succeeded to and now hold any privilege formerly held by the Funds, including privilege with respect to any services you have provided, or is currently providing, to the Funds. Nonetheless, if it is claimed that any privilege held by you is applicable to any document sought by this request, the document is to be identified as follows:

   a. The type of document;

   b. The general subject matter of the document;

   c. The date of the document;

   d. The author of the document;

   e. The addressees of the document, and any other recipients; and

   f. Where not apparent, the relationship of the author, addressees, and recipients to each other.

12. If any document responsive to the following requests has been altered or destroyed or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information:

   a. The type of document;

   b. The general subject matter of the document;

   c. The date of the document;

   d. The author of the document;

   e. The addressees of the document, and any other recipients;

   f. Where not apparent, the relationship of the author, addressees, and recipients to each other;

   g. State the reason for disposal of the document; and

   h. Identify each and every person who authorized disposal of the document.

13. In producing documents, all documents that are physically attached to each other shall be produced in that form. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

14. For each document that is an electronic or digital document, produce text-searchable TIFF images with load files, and include the following metadata fields: to, from, cc, bcc, date sent, date received, date created, date modified, and attachments. All other electronically stored information shall be produced in its native format. Non-electronically stored information (paper documents) should be produced in electronic form as text-searchable TIFF images with Concordance load files.

15. At a future date, the Liquidators may also subpoena individuals associated with you for depositions and/or trial testimony.

16. The Liquidators reserve all rights to expand or supplement all requests for information and the documents and communications set forth herein.

17. As the Liquidators have succeeded to the Funds' rights as your client, the Liquidators have the right to access your file on any represented matters, including all documents you possess that relate to any such representation.

**REQUESTS FOR PRODUCTION**

1. All documents and communications concerning your engagement to perform and/or your performance of auditing, accounting or other services for, on behalf of, or in relation to, any Fund.

6

2. All documents and communications concerning the performance of auditing, accounting or other services by any affiliates or other offices of CohnReznick, including but not limited to CohnReznick (Cayman), for, on behalf of, or in relation to, any Fund.

3. All documents concerning the assets, liabilities, and other financial affairs of either Fund, whether provided by the Fund or obtained from other sources.

4. All documents and communications evidencing any assessment, whether made by you or any other person, of the financial affairs of any Fund, including any inadequacies, ambiguities, inconsistencies, uncertainties, or other potential flaws in such financial affairs or their documentation.

5. All drafts and final versions of any work product that you prepared which relates to or mentions any Fund, or which was prepared pursuant to your engagement to perform any services for, on behalf of, or in relation to, any Fund.

6. All invoices issued by you to any Fund, including time entries supporting such invoices.

7. All documents and communications other than those referenced in any of the foregoing Requests concerning payments made or to be made by or on behalf of any Fund in respect of any invoices issued by you.

8. All documents and communications concerning amounts due to the Funds, including any balance on a client account.

9. Documents sufficient to identify any of your representatives who performed any services for any Fund and to identify such services.

10. Documents sufficient to identify any of any Fund's actual or purported representatives who instructed you or otherwise interacted with you.

11. All communications with persons other than representatives of any Fund concerning the assets or liabilities of such Fund.

12. All communications between you and the Funds other than those referenced in any of the foregoing Requests.

13. All communications between you and any other person (including but not limited to any affiliates of the Funds, or affiliates or other offices of CohnReznick, including CohnReznick (Cayman)), other than those referenced in any of the foregoing Requests, concerning the Funds.

14. All documents and communications concerning any know-your-client process, client acceptance and continuance process, risk management issue or the results thereof concerning the Funds.

15. All emails that are property of, concern, or were made or issued on behalf of, the Funds, other than those referenced in any of the foregoing Requests.