**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN OFFICIAL LIQUIDATION), et al. | : : : | Case No. 16-12925 (SCC) (Jointly Administered) |
| | : | |
| Debtors in Foreign Proceedings | : | |

------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF REQUEST BY COHNREZNICK LLP FOR CERTIFICATION OF ORDER GRANTING FOREIGN REPRESENTATIVES' MOTION TO COMPEL FOR DIRECT APPEAL TO THE SECOND CIRCUIT**


                                        STROOCK & STROOCK & LAVAN LLP
                                        180 Maiden Lane
                                        New York, NY 10038-4982
                                        (212) 806-5400

                                        *Attorneys for CohnReznick LLP*


Of Counsel:

James L. Bernard
David M. Cheifetz

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

RELEVANT FACTUAL BACKGROUND .............................................................................. 1

QUESTION PRESENTED ON APPEAL ................................................................................. 3

RELIEF SOUGHT .................................................................................................................... 4

REASONS WHY DIRECT APPEAL SHOULD BE ALLOWED ............................................ 4

    **A.**    There is No Controlling Decision From the Second Circuit or Supreme Court ................................................................................................ 5

    **B.**    The Appeal Involves a Matter of Public Importance .................................... 7

    **C.**    A Question of Law Exists Requiring the Resolution of Conflicting Decisions ....................................................................................................... 7

    **D.**    Immediate Appeal Will Materially Advance the Progress of This Proceeding ..................................................................................................... 8

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Barnet*,
  737 F.3d 238 (2d Cir. 2013) ................................................................................................3, 5, 9

*In re Bd. of Dirs. of Hopewell*,
  258 B.R. 580 (Bankr. S.D.N.Y. 2001) ..........................................................................................8

*In re Daisytek, Inc.*,
  323 B.R. 180 (N.D. Tex. 2005) ................................................................................................5, 8

*In re Friedman's, Inc.*,
  356 B.R. 779 (Bankr. S.D. Ga. 2005) ...........................................................................................8

*In re Hughes*,
  281 B.R. 224 (Bankr. S.D.N.Y. 2002) ..........................................................................................8

*Intel Corp. v. Advanced Micro Devices*,
  542 U.S. 241 (2004) .....................................................................................................................6

*In re Millennium Lab Holdings II, LLC*,
  562 B.R. 614 (Bankr. D. Del. 2016) .............................................................................................8

*In re New Century TRS Holdings, Inc.*
  407 B.R. 558 (Bankr. D. Del. 2009) .............................................................................................8

*Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC, et. al.*,
  Civ. No. 16-06848 (E.D.N.Y. Dec. 19, 2016) ..............................................................................2

**Statutes**

28 U.S.C. § 158(d)(2) ....................................................................................................... *passim*

**Other Authorities**

Bankruptcy Rule 8006 .................................................................................................................3-4

By this request (the "Certification Request"), timely filed in accordance with 28 U.S.C. § 158(d)(2) and Rule 8006(f) of the Federal Rules of Bankruptcy Procedure, CohnReznick LLP ("CohnReznick") by its counsel Stroock & Stroock & Lavan LLP, respectfully seeks certification for direct appeal to the Second Circuit of this Court's final order (the "Discovery Order") [Doc. No. 72] granting the motion to compel production of documents (the "Motion") and joinder by Margot MacInnis and Nilani Perera, the foreign representatives of Platinum Partners Value Arbitrage Fund (International) Limited (in Official Liquidation) (the "International Fund Liquidators") and Martin Nicholas John Trott and Christopher Barnett Kennedy, the foreign representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (the "Master Fund Liquidators," and together with the International Fund Liquidators, the "Liquidators" of the "Funds").

**RELEVANT FACTUAL BACKGROUND**

The Cayman-based Funds engaged CohnReznick and CohnReznick Cayman to audit the Funds' financial statements for the years ending December 31, 2014 and December 31, 2015. The relevant engagement letters contained mandatory arbitration provisions requiring any disputes, claims, or controversies between the parties to be heard by, and according to the rules of, the International Institute for Conflict Prevention and Resolution (the "IICPR").

In August 2016, following its failure to honor redemption requests, the Master Fund and the International Fund were placed into liquidation in the Cayman Islands. On October 18, 2016, the Master Fund Liquidators filed petitions in this Court for the recognition of the Master Fund Liquidation and the International Fund Liquidation in the Cayman Islands as foreign main proceedings under chapter 15. On November 22, 2016, this Court entered an order recognizing the Master Fund Liquidation and the International Fund Liquidation as foreign main proceedings under chapter 15.

On December 14, 2016, a federal grand jury in the United States District Court for the Eastern District of New York indicted senior Platinum executives on charges of conspiracy, securities fraud, investment advisor fraud, and wire fraud in connection with the operation of the Funds. *See United States v. Nordlicht, et al.*, Cr. No. 16-640 (E.D.N.Y. Dec. 14, 2016). Five days later, the Securities and Exchange Commission filed a civil complaint seeking various forms of relief in connection with Platinum's alleged "multi-pronged fraudulent scheme" in which it "misled [CohnReznick] as well as investors . . ." *See Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC, et. al.*, Civ. No. 16-06848 (E.D.N.Y. Dec. 19, 2016).

On August 31, 2017, the International Fund Liquidators served a Subpoena for documents upon CohnReznick seeking to investigate potential claims against the very auditors the Funds allegedly defrauded. Before the International Fund Liquidators issued their Subpoena, and specifically relying on the Cayman Companies law, they made informal requests for documents from CohnReznick. The Master Fund Liquidators made similar requests also in reliance on the same Cayman law. In response, CohnReznick voluntarily provided nearly one gigabyte of data to the Liquidators, but not its own workpapers and property. Following receipt of the Subpoena, CohnReznick timely filed objections and responses. CohnReznick contended, *inter alia* that: (i) the Subpoena impermissibly sought discovery concerning potential claims that would fall within the scope of the arbitration provisions in the relevant engagement letters; (ii) the Subpoena sought documents that the Liquidators would be unable to obtain under Cayman law from which they derive their authority; and (iii) the Subpoena in any event was overbroad and should be substantially narrowed. Thereafter, the parties met and conferred to try to resolve CohnReznick's concerns, but the Liquidators refused to compromise in any way on the their broad discovery demands. The Liquidators then moved to compel CohnReznick's compliance

with the Subpoena. The Motion was fully briefed by March 2, 2018, and a telephonic hearing was held on April 5, 2018.

On April 17, 2018, the Court granted the Motion and issued the Discovery Order. The Court held that the Liquidators had the right, under chapter 15, to obtain broad discovery material notwithstanding the limited discovery rules governing the arbitral forum in which the Funds agreed to arbitrate any disputes. The Court also held that even if Cayman law clearly prohibited the Liquidators from obtaining the documents (which, in the Court's view was at best "unsettled"), foreign law would not compel a different result. Moreover, the Court also overruled any remaining objections by CohnReznick including the argument that the Subpoena is overbroad and should be narrowed. On May 1, 2018, CohnReznick filed a timely notice of appeal seeking reversal of the Discovery Order. [Doc. No. 73]. On May 9, 2018, in addition to this Certification Request, CohnReznick is also filing a motion to stay the Discovery Order (the "Stay Motion"), and a hearing on the Stay Motion is scheduled for May 23, 2018.[1]

### QUESTION PRESENTED ON APPEAL

The central issue on appeal to be presented by CohnReznick is:

> Whether a foreign debtor's representatives can use chapter 15 for wide-ranging discovery to investigate potential claims against a U.S. entity where the foreign representatives (i) are bound by the debtor's agreements with the U.S. entity to arbitrate any such claims under rules providing for only limited discovery and (ii) lack the power under the laws of their home jurisdiction to take the requested discovery.

---

[1] The Discovery Order is immediately appealable as of right. *See In re Barnet*, 737 F.3d 238, 243-44 (2d Cir. 2013) (accepting certification for direct review, holding that an aggrieved party may immediately appeal a chapter 15 discovery order, and granting stay of discovery pending appeal). Additionally, pursuant to Bankruptcy Rule 8006(b), for purposes of the certification rule, this matter remains pending in the bankruptcy court for 30 days after the effective date of the notice of appeal (thus, until May 31, 2018). Consequently this Court, and at the moment only this Court (*see* Bankruptcy Rule 8006(d)), may certify this matter for direct appeal to the Second Circuit.

**RELIEF SOUGHT**

CohnReznick respectfully requests that this Court certify its Discovery Order for an immediate direct appeal to the Second Circuit pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006(f) of the Federal Rules of Bankruptcy Procedure. In an effort to expedite the appellate process, we proposed to the Liquidators that we jointly file the Certification Request, but they refused to join in our request and we understand that they intend to oppose it. As set forth below, any such opposition would be frivolous because every single factor that requires the Court to certify the Discovery Order for direct appeal is unquestionably present here.

**REASONS WHY DIRECT APPEAL SHOULD BE ALLOWED**

CohnReznick respectfully submits that this Court must certify the Discovery Order for direct appeal because (1) the appeal involves questions of law as to which there is no controlling decision of the Second Circuit or Supreme Court of the United States; (2) the appeal involves matters of public importance; (3) the appeal involves questions of law requiring resolution of conflicting decisions; or (4) an immediate appeal of the Discovery Order will materially advance the progress of this proceeding. 28 U.S.C. § 158(d)(2)(A)(i)-(iii). Though certification is required if ***any one*** of these factors is established, this appeal presents ***all four*** factors. *See id; see also id*. at § 158(d)(2)(B) ("If the bankruptcy court . . . on the request of a party, determines that a circumstance specified in [28 U.S.C. § 158(d)(2)(A)(i)-(iii)] exists . . . then the bankruptcy court . . . . ***shall*** make the certification") (emphasis added).

At bottom, this is a discovery dispute in a chapter 15 proceeding, which can be most quickly and efficiently resolved by a direct appeal. In analogous circumstances, this Court has certified an order for direct appeal to the Second Circuit and the Circuit has granted the application for direct review. *See In re Barnet*, 737 F.3d at 244 (quoting this Court's observation

that "the [discovery targets] 'really don't want to produce documents and [Foreign Representatives] really want the documents.'" ). That approach is equally warranted here.

### A.    There is No Controlling Decision From the Second Circuit or Supreme Court

We are not aware of, and neither the Liquidators nor the Court cite to, any controlling decision by the Second Circuit or the Supreme Court of the United States on the issues presented for appeal. Indeed, this appeal raises issues of first impression in this Circuit. Regarding the question of whether the relevant arbitration agreements may supersede the Liquidators' rights to discovery in a bankruptcy case to investigate potential claims subject to arbitration, we understand that the Court was not persuaded by the district court's reasoning in *In re Daisytek, Inc.*, 323 B.R. 180, 186-88 (N.D. Tex. 2005), the only district court in the country to have considered and answered this question (in favor of the auditor targeted for discovery). However, in accepting the Liquidators' argument that "the arbitration provisions under the Engagement Letters are irrelevant because the Liquidators have not asserted any claim against CohnReznick at this time" (Discovery Order at 26), the Court did not rely on any controlling authority from the Second Circuit or the Supreme Court. This alone requires certification.[2]

Moreover, in holding that "[f]oreign law does not preclude the availability of additional relief under chapter 15," (Discovery Order at 18), the Court did not cite any controlling authority from the Second Circuit or Supreme Court. While the Discovery Order relies on the Supreme Court's holding in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 264 (2004) for the proposition that "[w]hile foreign discovery laws should be considered for comity concerns, they are not determinative of whether discovery should be permitted under U.S. law," *Intel* had

---

[2] As discussed further below, and providing an independent basis for certification here, the Discovery Order (at 26 n.64) also noted that several bankruptcy courts had disagreed with the court in *Daisytek*.

nothing to do with a chapter 15 case or cross border insolvency, so it can hardly be deemed "controlling." Indeed, *Intel* recognized that comity may be an important "touchstone[] for a district court's exercise of discretion in particular cases." *Id.* at 261. And we respectfully submit that the essence of a chapter 15 case is comity and a deference to foreign law. Thus, if anything, while it is not controlling here, *Intel* supports consideration of the limitations on the Liquidators' foreign law powers.[3]

Similarly, in finding "that CohnReznick has failed to introduce any evidence that the Cayman courts have affirmatively prohibited the discovery of evidence of the type sought here" (Discovery Order at 14) and "that [the Court] has not been provided with evidence sufficient to enable it to conclude that Cayman law prohibits the discovery sought in the Subpoena," (Discovery Order at 17), we respectfully submit that the Discovery Order improperly shifted the burden of proof to CohnReznick to prove that the Liquidators' Cayman law powers were limited. Instead, and especially on their motion to compel, the Court should have placed the burden on the Liquidators to prove that the very laws by which they sought recognition in the U.S. courts provide them with the authority to obtain the requested discovery. We respectfully submit that even if Cayman law were "unsettled," (which, as set forth in our Stay Motion, we dispute) the Court erred by weighing that in favor of granting the Liquidators' Motion. In any event, the Court cited no controlling authority from the Second Circuit or the Supreme Court to support this burden shifting. Because this appeal involves questions of law as to which there is no controlling decision, this Court must certify the Discovery Order. *See* 28 U.S.C. § 158(d)(2)(A)(i).

---

[3] As discussed below, in this specific chapter 15 (or 304) context, lower courts have disagreed as to whether consideration of foreign law is required and the extent to which it is dispositive of a request for discovery in the U.S., providing yet another basis for certification of the Discovery Order.

B.     **The Appeal Involves a Matter of Public Importance**

The Discovery Order raises several matters of public importance. In our view, the Court's Discovery Order incorrectly places bankruptcy law above the well-settled public policy under the FAA in favor of arbitration and simultaneously opens the U.S. courts to forum shopping by foreign representatives hoping to gain a tactical advantage over potential litigation targets. If left to stand, the Court's ruling would encourage foreign debtors to use already burdened U.S. bankruptcy courts to impose costly, premature, and burdensome discovery on entities in the U.S., while dissipating already scarce resources of bankrupt estates, contrary to the efficiency concerns under the FAA and the comity concerns underlying chapter 15.

We appreciate that the Court takes a different view that "one of the significant objectives of chapter 15 is to provide judicial assistance to foreign representatives in gathering information which will enable them to comply with their duties" and that "[i]t would be at cross purposes with this objective, in the context of a foreign representative's application seeking discovery pursuant to section 1521, to interpret an arbitration clause so broadly that it eliminates this right." Discovery Order at 26. But this difference of opinion further weighs in favor of certification for direct appeal because however the difference is resolved will significantly impact either the use of arbitration under the FAA to promote fair, expeditious, economical, and less burdensome results, or the use of chapter 15 to assist in the administration of cross border insolvency cases. Because these are matters of public importance, this Court must certify the Discovery Order. *See* 28 U.S.C. § 158(d)(2)(A)(i).

C.     **A Question of Law Exists Requiring the Resolution of Conflicting Decisions**

The issues on appeal will also require the resolution of conflicting lower court decisions. For example, while the district court in *Daisytek* held that discovery limitations of arbitration

-7-

clauses must supersede bankruptcy discovery, even to investigate potential non-core claims prior to the commencement of an arbitration proceeding, other courts have disagreed with the holding of *Daisytek*. *Compare Daisytek with In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 631 (Bankr. D. Del. 2016); *In re Friedman's, Inc.*, 356 B.R. 779, 783 (Bankr. S.D. Ga. 2005); and *In re New Century TRS Holdings, Inc.* 407 B.R. 558, 571 (Bankr. D. Del. 2009).

Similarly, lower courts have also differed on the extent to which U.S. bankruptcy courts must defer to foreign law when considering requests for discovery under chapter 15 (or former 304). *Compare In re Bd. of Dirs. of Hopewell*, 258 B.R. 580, 586 (Bankr. S.D.N.Y. 2001) (holding that "[t]o the extent this Court can act under § 304 as an 'adjunct' to the foreign court, it should rarely, if ever, exercise its discretion to order disclosure that would not be available in the foreign court") *with In re Hughes*, 281 B.R. 224, 230 (Bankr. S.D.N.Y. 2002) (disagreeing with *Hopewell* and finding that it was "not required" to consider whether the discovery sought was permissible under foreign law). Thus, this Court must certify the Discovery Order because the issues on appeal require the resolution of conflicting decisions. *See* 28 U.S.C. § 158(d)(2)(A)(ii).

### D.    Immediate Appeal Will Materially Advance the Progress of This Proceeding

We are not sure why the Liquidators have not joined in the Certification Request, but there is little doubt that a direct appeal will materially advance the progress of this chapter 15 proceeding, in which "there will never be a final resolution on the merits beyond the discovery relief" sought by the Liquidators. *In re Barnet*, 737 F.3d at 244. While the Liquidators may not feel that our appeal has merit, or that the Second Circuit will agree to hear it (directly), there is no question that we have the right to appeal the Discovery Order, *see id.*, and little doubt that both parties would appeal any adverse decision of the district court if it were to hear and decide the appeal of the Discovery Order in the first instance. This Court must therefore certify the

Discovery Order because an immediate appeal to the Second Circuit would save the parties additional time and expense of an appeal to the district court and materially advance the progress of this chapter 15 proceeding. *See* 28 U.S.C. § 158(d)(2)(A)(iii).

## CONCLUSION

For the foregoing reasons, the Court should certify its Discovery Order for direct appeal.

Dated: New York, New York
May 9, 2018

STROOCK & STROOCK & LAVAN LLP

By: /s/ James L. Bernard
James L. Bernard
David M. Cheifetz
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Attorneys for CohnReznick LLP*