**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
:
In re                                                                    :
                                                                         :   Chapter 15
PLATINUM PARTNERS VALUE ARBITRAGE                                        :
FUND, L.P., (IN OFFICIAL LIQUIDATION), *et al.*,                         :   Case No. 16-12925 (SCC)
                                                                         :
                                                                         :   (Jointly Administered)
                                                                         :
                         Debtors in                                      :
                         Foreign Proceedings.                            :
                                                                         :
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO THE FOREIGN REPRESENTATIVES' MOTION FOR AN ORDER COMPELLING NON-PARTY SCHULTE ROTH & ZABEL LLP TO COMPLY WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS**

Robert M. Abrahams
F. Barbara Gluck Reid
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
(212) 756-2000

*Attorneys for Schulte Roth & Zabel LLP*

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

RELEVANT BACKGROUND .......................................................................................... 3

       A.     SRZ's Engagement Letter ....................................................... 3

       B.     Payment for Legal Services Rendered By SRZ ....................... 3

ARGUMENT ...................................................................................................................... 4

    I.    SRZ's BURDEN OBJECTIONS SHOULD NOT BE
OVERRULED ............................................................................................. 4

       A.     The Funds and, By Extension, the Liquidators Do Not
Have An Unquestionable Property Right Under New York
Law to Inspect and Copy SRZ's Client Files ........................... 4

       B.     The Documents Sought By the Subpoena Do Not Fall
Squarely Within Sections 542(e) and 1521(a)(4) of the
Bankruptcy Code ....................................................................... 6

       C.     It Is Unduly Burdensome to Require SRZ to Produce
Documents That The Liquidators Have Either Obtained
From the SEC or That They Have the Practical Ability to
Obtain From the SEC ................................................................ 7

CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

**PAGE(S)**

*Black Diamond Mining. Co., LLC,*
507 B.R. 209, 217 (E.D. Ky. 2014) .................................................................................. 4

*Sage Realty Corp. v. Proskauer, Rose, Goetz & Mendelsohn,* LLP,
91 N.Y.2d 30 (1997). ................................................................................................1, 4, 5

### STATUTORY AUTHORITIES

11 U.S.C. § 542(a) ............................................................................................................ 2, 5

11 U.S.C. § 542(e) ............................................................................................................ 6, 7

11 U.S.C. § 1521(a)(4) .................................................................................................. 2, 6, 7

Fed. R. Civ. P. 26(b)(2)(C) .................................................................................................... 7

Fed. R. Civ. P. 45(d)(1) ..................................................................................................... 7, 8

### OTHER AUTHORITIES

*United States v. Nordlicht, et al.* Cr. No. 16-6540 (E.D.N.Y. Dec. 14, 2016) .............. 1

Non-party Schulte Roth & Zabel LLP ("SRZ") submits this memorandum of law in opposition to the Liquidators'[1] motion to overrule SRZ's objections to the document Subpoena dated July 10, 2018 and for an order directing SRZ to comply with the Subpoena ("Motion to Compel".

SRZ takes no positon with respect to the claim repeatedly asserted by Mark Nordlicht, a co-owner of PMNY, a hedge fund advisory firm that managed the Funds, that PMNY, not the Funds, holds the attorney-client privilege and that PMNY was not waiving the privilege. Accordingly, SRZ will not address the Liquidators' argument that, with respect to SRZ's client files concerning the Funds, they, not PMNY, control the attorney-client privilege.[2]

However, for the reasons set forth below, the Court should find that SRZ's burden objections are, indeed, valid and deny the Motion to Compel.

## PRELIMINARY STATEMENT

Simply stated, the Funds do not have a property interest in SRZ's client files as they pertain to the Funds. The Funds, and thus, the Liquidators who stand in the shoes of the Funds, do not have a presumptive right to obtain SRZ's client files. That presumptive right, as articulated in *Sage Realty Corp. v. Proskauer, Rose, Goetz & Mendelsohn*, LLP, 91 N.Y.2d 30, 37 (1997), is predicated upon the assumption that the client has paid for the professional services rendered during the course of the representation. That assumption does not apply in this case

---

[1] Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the Memorandum of Law in Support of the Foreign Representatives' Motion for an Order Compelling Schulte Roth & Zabel LLP to Comply with Subpoena for the Production of Documents dated October 16, 2018 (the "FRMOL").

[2] Mr. Nordlicht last asserted the claim at a pre-motion conference before this Court on September 20, 2018 at which time he advised the Court that Ronald Sullivan had agreed to represent PMNY with respect to this issue. Liquidators' counsel and SRZ's counsel spoke with Mr. Sullivan on September 21, 2018, at which time he advised that he would not be representing PMNY and would not be making an appearance before this Court. Mr. Sullivan, however, did state that if any privileged documents are produced and used in the criminal matter that is pending in the Eastern District of New York – United States v. Nordlicht, et al. Cr. No. 16-6540 (E.D.N.Y. Dec. 14, 2016) – there would be consequences and he would seek the appropriate relief.

1

because neither the Funds nor PMNY has paid for all of the legal services SRZ provided during the representation. In fact, no payments were received on multiple invoices that totaled $146,931.92. Furthermore, pursuant to the terms of the May 15, 2012 engagement letter which was executed by Uri Landsman on June 11, 2012 ("Engagement Letter"), the Funds unequivocally waived their right to obtain attorney work-product materials which had not previously been delivered to them during the course of the representation.

Further, the Motion to Compel should be denied because the Subpoena requests do not fall within the ambit of discovery permitted pursuant to either section 542(a) or section 1521(a)(4) of the Bankruptcy Code.

Moreover, it is beyond peradventure that a subpoena for documents is cumulative, duplicative and unduly burdensome if it requires the subpoenaed non-party to produce documents that the requesting party either already has within its possession, custody or control or has the practical ability to obtain. The Liquidators clearly have within their possession, custody or control SRZ documents that are requested in the Subpoena. Indeed, annexed to the October 16, 2018 Declaration of Jack B. Gordon ("Gordon Dec.") are copies of such documents; specifically, Exhibit 4 – portions of a Confidential Private Offering Memorandum for the International Fund dated April 2015[3] and Exhibit 5 – the fully executed Engagement Letter. Moreover, the Liquidators have failed to explain how it is that they came into possession of those SRZ documents. Tellingly, with respect to the Engagement Letter, the Liquidators simply stated that "[they] have thus far located one engagement letter, dated May 25, 2012...." FRMOL at p. 5. Conspicuous by its absence is any explanation as to what documents the Liquidators were reviewing when they located the Engagement Letter and who provided/produced the document.

---

[3] The numbers that appear beneath the DOC ID number on Exhibit 4, Offering Memorandum, do not appear on the Offering Memorandum that is in SRZ's files. Presumably, those numbers were added by the person or entity who either produced or otherwise provided the document to the Liquidators.

2

Answers to these basic questions will shed much needed light on the subject and the Court's ability to evaluate the respective burdens. For that reason, among others addressed, *infra*, it would be premature at this juncture to grant the Motion to Compel and require SRZ to review its entire database of documents.[4]

## RELEVANT BACKGROUND

### A. SRZ's Engagement Letter

The Engagement Letter annexed at Exhibit 5 to the Gordon Declaration is, indeed, the operative and only engagement letter concerning the Firm's representation of the Funds and PMNY.[5] (Declaration of F. Barbara Gluck Reid dated October 25, 2018 ("Reid Dec."), ¶ 3.) Significantly, with respect to attorney work-product materials, the binding Engagement Letter explicitly provides:

> The Firm and you agree that all attorney work-product materials which have not previously been delivered to you are the property of the Firm, including paper or electronic file drafts, notes, internal memoranda and e-mails, legal research, and other documents intended for internal law office review and use.

### B. Payment for Legal Services Rendered By SRZ

Invoices for legal advice rendered to the Funds were sent to PMNY. Beginning in January 2015, PMNY stopped paying SRZ's invoices for legal advice rendered to one or more of the Funds. The following is a schedule of invoices, for which SRZ received no payment whatsoever from any of the Funds or PMNY or, for that fact, from any other person or entity.[6]

---

[4] The database contains 6.2GB of data.
[5] The letters and numbers at the bottom right hand corner of each page of the Engagement Letter do not appear on the document that is in SRZ's files, a copy of which is annexed at Exhibit A to the Reid Dec. In all other respects, the document is identical to the document in SRZ's files. The letters and numbers were, presumably, added by the person or entity that produced or provided the document to the Liquidators.
[6] A copy of the first page of each of the January 31, 2015, March 17, 2015, April 30, 2015, May 26, 2015, August 31, 2015, November 30, 2015 and January 31, 2016 invoices are annexed at Exs. B through H, respectively, to the

3

| Date | Amount | For services rendered |
|---|---|---|
| January 31, 2015 | $9,873.00 | December 2014 |
| March 27, 2015 | $35,179.86 | January 2015 – February 2015 |
| April 30, 2015 | $14,921.06 | March 2015 |
| May 26, 2015 | $4,520.45 | April 2015 |
| August 31, 2015 | $1,294.21 | June 2015 – July 2015 |
| November 30, 2015 | $20,657.50 | August 2015 – October 2015 |
| January 31, 2016 | $60,485.84 | November 2015 – December 2015 |

## ARGUMENT

I. **SRZ's BURDEN OBJECTIONS SHOULD NOT BE OVERRULED**

A. **The Funds and, By Extension, the Liquidators Do Not Have An Unquestionable Property Right Under New York Law to Inspect and Copy SRZ's Client Files**

In *Sage Realty Corp. v. Proskauer, Rose, Goetz & Mendelsohn*, LLP, 91 N.Y.2d 30, 37 (1997), the Court of Appeals held that a client has the presumptive right to the contents of its attorney's files. The presumption underpinning the *Sage Realty* court's conclusion is that the client for whom the legal services were provided had paid their counsel in full for those legal services. *Id.*; accord *Black Diamond Mining. Co., LLC*, 507 B.R. 209, 217 (E.D. Ky. 2014)("A client has 'presumptive access' to the entire file on the representation. After all, the client had paid for these materials." (internal citations omitted)).

---

Reid Declaration. SRZ is prepared to provide the detailed billing report that is attached to each invoice for an in-camera inspection by the Court if requested to do so.

4

Here, however, neither the Funds, nor PMNY, nor any other person or entity paid for any legal services SRZ rendered over a 12 month period – from December 2014 through April 2015 and June 2015 through December 2015 – totaling $146,931.92. (See Reid Dec., Exs. B though H and ¶ 11.) Consequently, the Funds, and by extension, the Liquidators, do not have a property interest in SRZ's client files associated with its representation of the Funds and do not have a presumptive right to access those files.[7]

Further, because the Funds do not have a property right in SRZ's client files they are not subject to turnover pursuant to section 542(a) of the Bankruptcy Code which provides "an entity ... in possession, custody or control ... of property that the trustee may use ... shall delver such property to the trustees." 11 U.S.C. § 542(a).

Finally, with respect to SRZ's internal files, the Funds knowingly waived their right to access SRZ's internal files. As noted, *supra*, the Engagement Letter explicitly provides:

> The Firm and you agree that all attorney work-product materials which have not previously been delivered to you are the property of the Firm, including paper or electronic file drafts, notes, internal memoranda and e-mails, legal research, and other documents intended for internal law office review and use.

The Liquidators, who stand in the shoes of the Funds, are bound by the terms of the Engagement Letter; all of the terms of the Engagement Letter and cannot rewrite the agreement at this time.

---

[7] Inasmuch as the record unequivocally establishes that the Funds do not have a right to presumptive access to SRZ's client files under *Sage Realty*, the Court need not address the application of the "limited exception" to production recognized by *Sage Realty*. Nevertheless, SRZ notes that the Liquidators have misstated the law regarding the exception. The Liquidators contend that the Court in *Sage Realty* "said the exception 'might' include documents containing 'a firm attorney's general or other assessment of the client, or tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in the representation." FRMOL at p. 14, fn. 7. A careful reading of the *Sage Realty* decision clearly establishes that the Court of Appeals did not use the word "might" when describing this exception.

5

**B. The Documents Sought By the Subpoena Do Not Fall Squarely Within Sections 542(e) and 1521(a)(4) of the Bankruptcy Code**

The record does not support the Liquidators summary conclusion that "[t]he documents sought by the Subpoena fall squarely within sections 542(e) and 1521(a)(4)" of the Bankruptcy Code. FRMOL at p. 11. Indeed, a cursory review of the Subpoena belies that conclusion since a number of the requests do not call for the production of documents "concerning the debtor's assets, affairs, rights, obligations or liabilities" as required under section 1521(a)(4) of the Bankruptcy Code or "books, documents, records, and papers, relating to the debtor's property or financial affairs" as required under section 542(e) of the Bankruptcy Code.

By way of example, Request for production No. 15 calls for the production of "[a]ll documents and communications, other than those referenced in any of the foregoing requests, concerning any Fund". (Gordon Dec., Ex. 2, p. 14.) This paradigmatic "fishing expedition", "catch-all " request" is not tailored; it does not call for the production of documents related to the Funds' "assets, affairs, rights, obligations or liabilities" or the Funds' "property or financial affairs." Further, Request No. 11, which calls for the production of "[a]ll communications between You and the Funds other than those referenced in any of the foregoing Requests" is similarly flawed. (Gordon Dec., Ex. 2, p. 13.).[8] Request No. 12, which calls for the production of "[a]ll communications between You and any other person (including but not limited to any affiliates of the Funds, or affiliates or other offices of Schulte Roth & Zabel), other than those referenced in any of the foregoing requests, concerning the Funds" (Gordon Dec., Ex. 2, p. 14) fares no better. Here too, the critical limiting language is conspicuously absent.

---

[8] Request No. 14 is also similarly overbroad to the extent it calls for the production of "[a]ll emails that .. .concern … the Funds."

6

### C. It Is Unduly Burdensome to Require SRZ to Produce Documents That The Liquidators Have Either Obtained From the SEC or That They Have the Practical Ability to Obtain From the SEC

"On motion or on its own, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive ... (emphasis added)." Fed. R. Civ. P. 26(b)(2)(C). There can be no dispute that requiring SRZ to produce documents that the Liquidators already have in their possession, custody or control by virtue of having access to the image of PMNY's hard drive that is in the SEC's possession is unreasonably cumulative and duplicative. Logic and common sense compel that conclusion. Nor can it be disputed that obtaining documents from the SEC would be more convenient, less burdensome and, likely, less expensive, where, as here, the SEC imaged PMNY's server and the Liquidators have made no showing whatsoever that the imaged hard drive does not encompass the relevant time period or that any documents/communications were deleted, destroyed or altered prior to or after the imaging process. [9]

Furthermore, pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, the Liquidators have a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(d)(1). The Liquidators have not fulfilled that mandate. Given the ever-increasing burdens imposed on non-parties in this age of burgeoning electronic discovery, the Liquidators, at a minimum, should advise the Court if they have asked the SEC to either provide them a copy of the imaged server or a copy of the

---

[9] SRZ recognizes that the PMNY server imaged by the SEC would not include communications where PMNY was neither a recipient (either directly or by cc) nor the sender. For that reason, SRZ is prepared to produce and will produce documents/communications with third-parties that satisfy the discovery parameters set forth in either section 542(e) or section 1521(a)(4) of the Bankruptcy Code.

7

documents on the imaged server that contains the domain name "@srz.com," and, if such requests were made, the SEC's response. In addition, the Liquidators should advise the Court as to the date range of the documents that were imaged and whether there is any concern or evidence that PMNY either deleted or altered any documents. Answers to these fundamental questions are critical in the context of this Motion to Compel. The Liquidators contend that "while [they] may have access to SRZ's files, they cannot discern whether the PMNY server (or by extension the Liquidators) has a complete set of relevant communications." FRMOL at p. 3. Answers to the basic questions SRZ has posed would no doubt be helpful in ascertaining the scope of the communications on the PMNY server. It appears that no effort was made to obtain that relevant information.

Finally, if prior to making this Motion to Compel the Liquidators did not, at a minimum, ask the SEC to access documents that contain the domain name "@srz.com" and to provide those files to the Liquidators, the Liquidators failed to comply with their Rule 45(d)(1) duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(d)(1); potentially sanctionable conduct. *Id.*

## CONCLUSION

For the foregoing reasons, the Court should not overrule SRZ's burden objections and should deny the Motion to Compel.

Respectfully submitted,

SCHULTE ROTH & ZABEL LLP

By: _____ /s/ *Barbara Gluck Reid*
F. Barbara Gluck Reid
919 Third Avenue
New York, New York 10022
(212) 756-2000
*Attorneys for Non-party Schulte Roth & Zabel LLP*

Dated: October 25, 2018