**EXECUTION COPY**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN OFFICIAL LIQUIDATION), *et al.*, | ) ) ) ) | Case No. 16-12925 (SCC) (Jointly Administered) |
| Debtors in Foreign Proceedings. | ) ) ) | |

**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

This CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER (the "Order") is executed as of May 13, 2019 (the "Effective Date") between Cosimo Borrelli and Luke Almond, the foreign representatives and duly appointed joint official liquidators of Platinum Partners Value Arbitrage Fund (International) Ltd. (in official liquidation) (the "International Fund") and Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in official liquidation) (the "Intermediate Fund") and the liquidators of Platinum Partners Value Arbitrage Fund (USA) L.P. (in liquidation) (the "USA Fund"); and Martin Nicholas John Trott, the foreign representative of Platinum Partners Value Arbitrage Fund L.P. (the "Master Fund") (collectively and for ease of reference, the "Liquidators" of the "PPVA Funds") and BDO USA, LLP ("BDO USA" and together with the Liquidators, the "Parties" and each, a "Party") in connection with the above-captioned Chapter 15 bankruptcy cases jointly administered under Case No. 16-12925 (SCC) (the "Chapter 15 Cases") pending before the United States Bankruptcy Court for the Southern District of New York (the "Court"). To facilitate the disclosure of Discovery Material (as defined below) to the Liquidators while protecting BDO USA from the risk of public dissemination of such information, the Parties hereby agree that the disclosure of Discovery Material by BDO USA to the Liquidators shall be governed by the following terms and conditions.

1. **Court Approval**. The Parties shall submit this Order to the Court for approval. The Parties shall abide by the terms of this Order pending its approval by the Court, and if this Order is not entered by the Court for any reason, the Parties shall continue to abide by its terms with respect to any Discovery Material (as defined below) produced by BDO USA to the Liquidators prior to the Court's decision not to enter this Order unless the Court otherwise determines.

2. **Scope and Definition of Discovery Material and Confidential Material**. This Order applies to all information, documents and tangible things exchanged, produced or otherwise disclosed by BDO USA to the Liquidators in response to any discovery requests (formal or informal) by the Liquidators ("Discovery Requests"), including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses

to requests for admission, hard copy and electronic documents, information and tangible things as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). This Order applies to "Confidential Material," which means any information that BDO USA reasonably believes in good faith contains or constitutes non-public personal, confidential or commercially sensitive information that requires the protections provided in this Order, including, but not limited to, non-public information about employee compensation, tax data, or personal financial information; information constituting confidential research or business development; information that must be kept confidential pursuant to law or regulation; information reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual; any trade secret; or financial, technical, proprietary or other commercial information. Confidential Material may be used or disclosed only as permitted by the terms of this Order. Except as hereinafter provided, the Liquidators agree that the Discovery Material produced by BDO USA and designated Confidential Material by BDO USA shall be held confidential by the Liquidators.

3. **Manner of Designation**. Any Confidential Material shall be designated by BDO USA as such by marking every such page "CONFIDENTIAL." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, BDO USA may designate material as "CONFIDENTIAL" by affixing the legend "CONFIDENTIAL" on the placeholder page or slipsheet associated with the document. BDO USA may also designate any Discovery Material as Confidential Material at any time, including, but not limited to, after it has been produced, by notifying the Liquidators in writing of that designation. If BDO USA designates any Discovery Material as Confidential Material after it has been produced ("Late Designated Confidential Material"), the Liquidators shall mark such Late Designated Confidential Material as "Confidential" in the metadata field of their document management database and will make reasonable efforts to maintain the confidentiality of such Discovery Material in accordance with this Order.

4. **Use and Disclosure of Confidential Material**. Confidential Material shall be used by the Liquidators solely for the purposes of discharging their duties, including without limitation, investigating the affairs of the PPVA Funds (which, for avoidance of doubt, includes the International Fund, Intermediate Fund, USA Fund, and the Master Fund), investigating and pursuing claims that the PPVA Funds' estates may have against any and all persons, defending claims if any against the PPVA Funds' estates, and reporting to the Grand Court of the Cayman Islands in connection with the Cayman liquidations of the International Fund, the Intermediate Fund and the Master Fund ("Cayman Liquidation Proceedings"). Confidential Material, and any and all information contained therein, may not be given, shown, made available to or communicated by the Liquidators (or anyone else entitled to receive it under the terms of this Order) except to the following:

    (a) the PPVA Funds' respective Liquidation Committees, Steering Committees, actual or potential funders, and their respective legal counsel;

**EXECUTION COPY**

(b) the Liquidators' employees and agents (including employees of Borrelli Walsh and RHSW Caribbean), legal counsel and legal counsel's staff working under the direction of such counsel;

(c) the Court, its officers and clerical staff overseeing these Chapter 15 Cases;

(d) the Cayman court in which the Cayman Liquidation Proceedings are pending ("Cayman Court"), provided that (i) nothing herein is deemed to be a determination of whether such disclosure is permissible under Cayman law; (ii) Liquidators adhere to all confidentiality protections afforded to submissions made to the Cayman Court; (iii) Liquidators provide BDO USA prompt notice in the event any person files a petition in the Cayman Court seeking access to Confidential Material (if any) submitted by the Liquidators; and (iv) any such disclosure of Confidential Material shall not waive any confidentiality protection or constitute any admission, consent, or waiver by BDO USA in any respect, nor shall the Liquidators argue that such disclosure constitutes any submission by BDO USA to the jurisdiction of the Cayman Court;

(e) subject to paragraph 11 of this Order, any other court or tribunal (including arbitration tribunals) in connection with any proceeding brought or defended by or on behalf of the Liquidators or PPVA Funds (a "Follow On Action"), and, upon their request and subject to paragraph 6 below, the parties to such proceedings and their legal counsel;

(f) court reporters and recorders transcribing or recording testimony or hearings in these Chapter 15 Cases, the Cayman Liquidation Proceedings, or a Follow-On Action;

(g) actual or potential witnesses and potential counterparties, and their respective counsel, who in good faith are shown or questioned about such material: (i) in order to assist the Liquidators in the discharge of their duties, or (ii) in the investigation and pursuit of potential claims by or on behalf of the Liquidators or the PPVA Funds, provided that any potential counterparty to whom disclosure is made pursuant to this paragraph agrees not to use any Confidential Material in any way whatsoever in any pending or future proceeding against BDO USA;

(h) experts or consultants assisting the Liquidators in their investigations, these Chapter 15 Cases, the Cayman Liquidation Proceedings, or a Follow-On Action, provided that such expert or consultant is using the Confidential Material solely in connection with the Liquidators' investigations, these Chapter 15 Cases, the Cayman Liquidation Proceedings, or a Follow-On Action;

(i) outside photocopying, graphic production services, or litigation support services, as necessary or appropriate for use in connection with these Chapter 15 Cases, the Cayman Liquidation Proceedings, or a Follow-On Action;

(j) issuers of an authorized governmental request, document request, subpoena, or other process, subject to paragraph 6 below;

3

    (k)    any other person or entity with respect to whom BDO USA may consent in writing or as the Court may further order; and

    (l)    for the avoidance of doubt, without the express written permission of BDO USA or further court order, the Liquidators (or anyone else entitled to receive Confidential Material under the terms of this Order) may not disclose any Confidential Material (or information contained therein) to (i) the court-appointed receiver in Case No. 1:16-cv-6848 pending in the Eastern District of New York (the "SEC Receiver"), (ii) legal counsel to the SEC Receiver, (iii) experts or consultants assisting the SEC Receiver or legal counsel to the SEC Receiver, or (iv) any agents thereof, except in connection with the joint investigation, joint pursuit of claims, or joint litigation by (or litigation between) one or more of the PPVA Funds, and provided that the SEC Receiver agrees not to use any such Confidential Material (obtained pursuant to this limited exception) in any way whatsoever in any pending or future proceeding against BDO USA (unless it is a joint proceeding with one or more of the PPVA Funds or as otherwise ordered by a court or tribunal).

5.    **Prerequisite to Disclosure of Designated Material**. Before the Liquidators (or anyone to receive Confidential Material under the terms of this Order) give any person or their representative(s) identified in Paragraph 4(a), 4(b), 4(g), 4(h), or 4(l), access to Confidential Material, the Liquidators shall give such person or their representative(s) a copy of this Order and such persons or their representative(s) shall be bound to comply with the confidentiality provisions of this Order.

6.    **Disclosure of Designated Material in Other Proceedings**. If the Liquidators (or any other individual or entity receiving Discovery Material covered by this Order) are subpoenaed in another action or proceeding (including any Follow-On Action described above) or served with a document demand in any such proceeding and such subpoena or document demand seeks Confidential Material, the Liquidators (or other individual or entity) shall notify BDO USA (to the extent permitted by applicable law, court or tribunal rules, regulation or government agency) in email and hard copy via overnight mail to Seth Friedman and Rebecca C. Martin, McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173, sfriedman@mwe.com and rcmartin@mwe.com, within five (5) days of the receipt of such request, or within one (1) day of the receipt of such request if the return date is less than seven (7) days from receipt, of said subpoena or other process or order (and shall furnish BDO USA with a copy of the same). The Liquidators shall not produce the Confidential Material until the earlier of: (i) receipt of prior written consent from BDO USA; (ii) the return date of the subpoena or other process (unless prior to the return date BDO USA files a motion to quash or a motion for a protective order, and the filing of the motion suspends the return date); or (iii) five (5) business days after a decision on any such motion to quash or motion for a protective order or such shorter period as the Court may direct. Nothing herein shall prevent the Liquidators from complying with a court or tribunal order or timely responding to a subpoena or document demand.

7. **Manner of Objecting to Designated Material**.  If the Liquidators object to the designation of any Confidential Material, the Liquidators shall first raise the objection with BDO USA in writing, and confer in good faith to attempt to resolve any dispute.  If the Parties cannot resolve their dispute, the Liquidators may submit a letter to the Court no more than three pages in length objecting to the designation and seeking its removal or other appropriate relief (a "Designation Objection").  BDO USA may submit a response letter to the Court no more than three pages in length within five calendar days of the date of submission of the Designation Objection.  BDO USA shall have the burden of proving that the challenged material is entitled to protection because it contains: (a) a trade secret or confidential research, development or commercial information protected by Rule 9018 of the Federal Rules of Bankruptcy Procedure, or protected by any other applicable Federal Rule of Bankruptcy Procedure, (b) information subject by law or by contract to a legally protected right of privacy, or (c) information that BDO USA is legally obligated by law or contract to keep confidential.

8. **Exclusions**.  The Liquidators shall have no obligation under this Order as to Confidential Material which: (a) is known to or otherwise in the possession, custody, or control of the Liquidators at the time of disclosure, without obligation of confidentiality; (b) is independently developed by Liquidators without reference to or use of BDO USA's Confidential Material (or the confidential information of another party); (c) becomes known to the Liquidators from another source, unless the Liquidators know or reasonably believe that such other source was subject to a confidentiality restriction at the time of disclosure to Liquidators; or (d) is or becomes part of the public domain through no wrongful act of Liquidators.

9. **Unauthorized Disclosure of Confidential Material**.  If the Liquidators (or other individual or entity) learn that, by inadvertence or otherwise, they have disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Liquidators (or other individual or entity) must immediately (a) use reasonable commercial efforts to retrieve all copies of the Confidential Material; (b) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order; and (c) and within two days of learning of such unauthorized disclosure, notify BDO USA of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof.

10. **Inadvertent Production of Privileged Material**.  Inadvertent production of any Discovery Material that BDO USA later claims in good faith should not have been produced because of the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any such privilege.  Promptly after BDO USA discovers that it has produced Inadvertently Produced Privileged Information, BDO USA shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production.  If BDO USA requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph and the Liquidators do not dispute the privilege claim, they shall promptly take all commercially reasonable steps to return or

destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Liquidators dispute the privilege claim, they must notify BDO USA of the dispute and the basis therefor in writing within ten (10) days of receipt of BDO USA's notification. Other than for an in camera review in connection with seeking a determination by the Court, the Liquidators may not use or disclose any alleged Inadvertently Produced Privileged Information until the dispute is resolved. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court as to whether the privilege applies. BDO USA must preserve the Inadvertently Produced Privileged Information and the Liquidators may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

11. **Court Filings**. If the Liquidators or PPVA Funds wish to file any Confidential Material or any information derived therefrom with any court (other than the Cayman Court), such material or information shall be filed with the court under seal, unless otherwise consented to in writing by BDO USA, and provided that the court permits such filing under seal. It shall be BDO USA's burden to make any appropriate motion for filing of Confidential Material under seal, or if such material has already been filed under seal, to keep the material sealed. It shall be BDO USA's burden to establish good cause for filing and/or maintaining any such material under seal. Nothing herein shall preclude the Liquidators or the PPVA Funds from using Confidential Material in any proceeding in which the court has denied a motion to seal or otherwise does not permit such filings under seal. Filings with the Cayman Court may be made in accordance with paragraph 4(d) of this Order.

    Before filing any Confidential Material with the Court in these Chapter 15 Cases, the Liquidators shall first consult with BDO USA to determine whether, with BDO USA's consent, the document or a redacted version of the document may be filed with the Court not under seal.

12. **Return or Destruction of Confidential Material**. Unless otherwise agreed to by the Parties, at the conclusion of the Cayman Liquidation Proceedings, all Follow-On Actions, and these Chapter 15 Cases, including any appeals from any judgment or order entered by the Cayman Court or this Court, the Liquidators (or anyone else entitled to receive such material) shall destroy or return to BDO USA all Discovery Material (and any copy thereof) designated as "Confidential." Discovery Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files. Notwithstanding anything to the contrary in this paragraph, the Liquidators (and their counsel) may retain: (i) any and all items, including but not limited to Discovery Material designated as "Confidential" that were filed with the Court or elsewhere in connection with a Follow-On Action; (ii) counsel's work product which may contain "Confidential" information; and (iii) any Discovery Material required by law to be preserved; provided that counsel continues to treat all Confidential Material in the manner provided in this Order.

6

13. **Survival**. The provisions of this Order shall, absent written permission of BDO USA or further order of the Court, continue to be binding throughout and after the conclusion of these Chapter 15 Cases, including without limitation any appeals therefrom.

14. **No Waiver**. Nothing contained herein shall be deemed a waiver or relinquishment by the Parties of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by the Foreign Representatives, any right to object to any Discovery Request, any right to pursue any appeal of or seek appropriate relief from any order relating to any Discovery Request, or any right to object to the admissibility of evidence on any ground in any proceeding whatsoever, or to seek any further protective order, or to seek relief from the Court or any other applicable court or tribunal from any provision of this Order by application on notice on any grounds. This Order does not affect the rights of BDO USA with respect to the Discovery Material, and BDO USA is not otherwise restricted from use or disclosure of its own Discovery Material. The production of Discovery Material shall not constitute an admission by BDO USA, nor waive any of BDO USA's rights, with respect to the propriety of their disclosure or their relevance, including, but not limited to, waiver of any claim or defense. Nothing in this Order shall be construed as precluding BDO USA from objecting to any use of Discovery Material. For the avoidance of doubt, BDO USA expressly reserves its right to object to the use of any Discovery Material in any future arbitration proceeding between the Parties and to seek appropriate relief from any such tribunal with respect to any Discovery Material, and the Liquidators expressly reserve their right to oppose any such objection or request for relief.

15. **Modification.** Each of the Parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other Parties hereto.

16. **Retention of Jurisdiction**. This Court retains jurisdiction over any dispute arising under this Order.

Dated: May 13, 2019
       New York, New York

/s/ Timothy W. Walsh_____
Timothy W. Walsh
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email:    twwalsh@mwe.com

*Attorneys for BDO USA LLP*

**EXECUTION COPY**

/s/ Jack B. Gordon
Jack B. Gordon
A. Katherine Toomey
Lewis Baach Kaufmann Middlemiss PLLC
1101 New York Avenue, NW, Suite 1000
Washington, DC 20005
(202) 833-8900
jack.gordon@LBKMLAW.com

*Attorneys for the Liquidators of*
*Platinum Partners Value Arbitrage Fund*
*(International) Limited (In Official Liquidation)*
*Partners Value Arbitrage Intermediate Fund Ltd. (In*
*Official Liquidation) and*
*Platinum Partners Value Arbitrage Fund (USA) L.P.*
*(In Liquidation)*


/s/ Lon J. Seidman
Lon J. Seidman
Diamond & McCarthy LLP
295 Madison Avenue, 27th Floor
New York, NY 10017
(212) 430-5432
lseidman@diamondmccarthy.com

*Attorneys for the Liquidators*
*of Platinum Partners Value Arbitrage*
*Fund L.P. (In Official Liquidation)*

**IT IS SO ORDERED,**

Dated: May 16, 2019
       New York, New York

/S/ Shelley C. Chapman
Honorable Shelley C. Chapman
United States Bankruptcy Judge