**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| PLATINUM PARTNERS VALUE | : | Case No. 16-12925 (SCC) |
| ARBITRAGE FUND L.P. (IN OFFICIAL | : | |
| LIQUIDATION), *et al.*,[1] | : | (Jointly Administered) |
| | : | |
| Debtors in | : | |
| Foreign Proceedings. | : | |
| | : | |
| | : | |

----------------------------------------------------------x

# CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Confidentiality Agreement and Protective Order (this "Agreement") is executed as of January 9, 2019 by and among (a) the Joint Official Liquidators (the "Liquidators") of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) ("PPVA"), (b) AGX Holdings, LLC and AGH Parent, LLC; and (c) others who execute and deliver to each Party (as defined below) the Addendum in the form attached hereto as Exhibit A (the "Additional Signatories" and, together with the Liquidators, AGX Holdings, LLC and AGH Parent, LLC, the "Parties" and each, a "Party"), in connection with the above-captioned Chapter 15 bankruptcy cases jointly administered under Case No. 16-12925 (SCC) (the "Chapter 15 Cases") pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

1.   In connection with the Chapter 15 Cases, the Parties may disclose certain confidential documents and other information (the "Producing Parties") to other Parties (together with such Party's director, officers, members, employees, independent contractors that are subject to a confidentiality obligation with such Party and such Party's Representatives (as defined below), the "Receiving Parties").

2.   Each Party agrees to treat any information, whether written or oral, furnished by another Party that is labeled or identified by such other Party as "Confidential," together with any and all analyses or other documents prepared by such Producing Party or any of its advisors, attorneys, accountants, consultants, expert witnesses, or representatives (collectively, "Representatives") that contain or otherwise reflect such information, in accordance with this Agreement.

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (1954); Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) (2356); and Platinum Partners Value Arbitrage Intermediate Fund Ltd. (in Official Liquidation) (9530).

1

3.  Any Producing Party may provide highly Confidential Material on an "Advisors' Eyes Only" basis to the other Parties' outside law firms or outside advisors, including, lawyers, liquidators and any persons retained by lawyers or the liquidators, such as experts, financial advisors and the staff of each. Such highly Confidential Material will be labeled or identified as "Highly Confidential - Advisors' Eyes Only," together with any and all analyses or other documents prepared by such Producing Party or any of its Representatives that contain or otherwise reflect such information.

4.  The term "Confidential Material" refers to both material designated as "Confidential" and to material designated as "Highly Confidential - Advisors' Eyes Only," each designated as such in good faith. "Highly Confidential – Advisors' Eyes Only" shall mean all documents and testimony, and all information contained therein, if such documents or testimony contain highly sensitive information including information that would reveal that Party's trade secrets, competitive position or plans, strategies, or proprietary methods, the disclosure of which information is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party. Confidential Material does not include information that (a) was already in the Receiving Party's possession prior to the time of disclosure to such Party in the Chapter 15 Cases by the Producing Party or its Representatives (provided, however, that the Party in receipt of such information shall remain bound by any existing confidentiality obligations), (b) was or becomes generally available to the public other than as a result of a disclosure by the Receiving Party or its Representatives, (c) becomes available to the Receiving Party on a non-confidential basis from a source other than the Producing Party or its Representatives, provided that such source is not known by the Receiving Party to be bound by a confidentiality agreement with the Producing Party, or otherwise prohibited from disclosing the information to the Receiving Party, or (d) that was or is independently developed by the Receiving Party or its Representatives without violating its obligations hereunder.

5.  Subject to ¶ 8, and except as set forth herein or in any subsequent order of the Bankruptcy Court, Confidential Material and any part of the information contained therein shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

(a) the Bankruptcy Court and persons employed by it or appointed by it in connection with the Chapter 15 Cases;

(b) any court or arbitration tribunal where litigation or arbitration brought by the Liquidators or defended on behalf of PPVA, including any litigation or arbitration between the Parties (each a "Related Proceeding"), and persons employed or appointed by any of them in connection with such Related Proceeding, and upon their request, the parties to such Related Proceeding, provided that any Confidential Material that is used or disclosed in any Related Proceeding must be subject to the same or similar confidential treatment as is provided for in this Agreement;

(c) any government or regulatory authority, court or authority of competent jurisdiction to the extent that disclosure of Confidential Material is required by law provided that, to the

extent it is legally permitted to do so, the Producing Party give the other Party as much notice of the disclosure as possible.

(d) court reporters, videographers, or other qualified persons taking testimony;

(e) current officers, directors, members, and employees of each of the Parties, including their parents, subsidiaries and affiliates, provided, however, that material designated "Highly Confidential - Advisors' Eyes Only" shall not be disclosed to any officers, directors, members, or employees of any non-producing Party or any of its members, parents, subsidiaries and/or affiliates;

(f) counsel for a Party to the Chapter 15 Cases, and any attorney, paralegal, clerical and secretarial staff employed by such counsel or such counsel's law firm;

(g)  the members of the Liquidation Committee[2] appointed in connection with the liquidation proceedings pending in the Grand Court of the Cayman Islands in connection with PPVA (the "Cayman Proceeding") any Litigation Funders (as used herein, "Litigation Funder" means any entity or third party that is a source of potential financing or funding for the purposes of bringing litigation on behalf of or for the benefit of PPVA), and any advisors to any of the foregoing;

(h) independent copying, e-discovery, and computer services firms and their employees, retained to copy, process, or host any Confidential Material;

(i) (i) independent experts or consultants (testifying and non-testifying) retained by undersigned counsel to assist in the preparation of hearing(s) in connection with the Chapter 15 Cases or any Related Proceeding, or to testify at those hearing(s) or any other proceeding in the Chapter 15 Cases or in any Related Proceeding; or (ii) at the Liquidators' discretion, the Court appointed liquidators and SEC Receiver and their respective advisers and counsel in any affiliated cases arising out of or related to the Chapter 15 Cases, provided that they agree in writing, by executing the Addendum attached hereto as Exhibit A, to be bound by the terms of this Agreement;

(j) actual Party or non-party fact witnesses, provided there is a reasonable basis to believe that the fact witness will give relevant testimony regarding the designated Confidential Material;

(j) witnesses at or in preparation for the Chapter 15 Cases or in any Related Proceeding, provided there is a reasonable basis to believe the witness will give relevant testimony regarding the designated Confidential Material;

---

[2] As used herein, the "Liquidation Committee" means the representatives who are representing creditors and who are assisting in the liquidation. The Parties understand and agree that, from time to time, the members of the Liquidation Committee may change.

3

(k) persons identified on the face of the Confidential Material as having authored or previously received the Confidential Material;

(l) the Cayman Court in which PPVA's Cayman Liquidation Proceedings are pending (the "Cayman Court") and its officers and staff overseeing the Cayman Liquidation Proceeding; and

(m) such other persons as the parties may agree upon in writing.

6. In the case of depositions, if counsel for a Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Material of such Party, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be designated as such. The court reporter shall be instructed to include on the cover page of each so-designated transcript the legend: "This transcript portion contains information subject to a Confidentiality Agreement and shall be used only in accordance therewith." In addition, each page of the transcript containing information so designated shall include the legend "Confidential" or "Highly Confidential - Advisors' Eyes Only," as appropriate. If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript, and the cover of the videotape shall include the legend "Confidential" or "Highly Confidential - Advisors' Eyes Only," as appropriate, if any portion of the transcript itself is so designated. When testimony designated as "Highly Confidential - Advisors' Eyes Only" is elicited during a deposition, or a document designated as "Highly Confidential - Advisors' Eye Only" is used at such deposition, persons not entitled to receive such information under the terms of this Agreement shall be excluded from the portion of the deposition so designated. In addition, any Party may designate the transcript or videotape of a deposition as "Confidential" or "Highly Confidential - Advisors' Eye Only" within seven (7) court days of the Party's receipt of the final transcript from the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as "Confidential" or "Highly Confidential -Advisors' Eyes Only." Nothing in this paragraph shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

7. Each Party reserves the right to challenge the other Party's designation of documents as "Confidential" or "Highly Confidential - Advisors' Eyes Only."

(a) If any dispute regarding the designation of any document as "Confidential" or "Highly Confidential - Advisors' Eyes Only" is not resolved through a meet-and-confer process, the challenging Party may seek appropriate relief from the Bankruptcy Court.

(b) Any disputed Confidential Material shall be treated in accordance with its designation under this Protective Order until the Bankruptcy Court rules otherwise.

8. Subject to Paragraph 9 below, the Confidential Material will be used solely in the context of the Chapter 15 Cases or any Related Proceeding, but only as provided for in this Agreement, and will be kept confidential by the Parties and will not be filed or referenced in a filing with the Bankruptcy Court or with the court or arbitral body in any Related Proceeding,

26780112v1 92132.070.01

except to the extent that disclosure: (a) has been consented to in writing by the Producing Party; (b) is made (i) to the Bankruptcy Court following the determination of a request to make the filing under seal in the Chapter 15 Cases or (ii) in any Related Proceeding and is filed in such Related Proceeding (A) following the determination of a request to make the filing under seal in the Related Proceeding to the extent such procedures exist, (B) in a Related Proceeding in which a confidentiality agreement with the same or similar terms has been agreed to by the parties thereto; or (c) has been specifically authorized by the Bankruptcy Court or the court in a Related Proceeding. For the avoidance of doubt, any Confidential Material filed or referenced in a filing in any Related Proceeding shall be treated in accordance with this Protective Order. Nothing contained herein shall be deemed to pre-determine a motion to file a particular document under seal. In the event that a Party has been requested, by document request, subpoena or otherwise, to produce AGH Parent, LLC and/or AGX Holdings, LLC's Confidential Material in the above-captioned matter or any other Proceeding, the Party must provide AGH Parent, LLC and/or AGX Holdings, LLC with written notice no later than three (3) business days after the receipt of any such document request, subpoena or otherwise request for production in order to afford AGH Parent, LLC and/or AGX Holdings, LLC the opportunity to timely object and/or move the appropriate court for protection prior to any such production. The written notice must (i) identify the name(s) of the party(ies) who have requested the Confidential Material, (ii) identify the Proceeding in which the Confidential Material has been requested, and (iii) attach a copy of the subpoena or request requesting the Confidential Material.

9. <u>Other Proceedings</u>. By entering an order approving this Agreement and limiting the disclosure of information in the Chapter 15 Cases or any Related Proceeding, the Bankruptcy Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Agreement who becomes subject to a motion to disclose another Party's information designated "Confidential" or "Highly Confidential - Advisors' Eyes Only" pursuant to this Agreement shall promptly provide written notice to that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

10. The inadvertent disclosure of any privileged information shall not be deemed to constitute a waiver of any privilege or protection that would otherwise apply. Within five (5) business days after the discovery of any inadvertent production, the Producing Party shall provide written notice to the Receiving Party that privileged documents or information have been inadvertently produced or disclosed and request the return or destruction of such documents or information. Any document, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned or destroyed within five (5) business days of such demand. Within five (5) business days of providing written notice of the inadvertent production, the Producing Party shall provide the Receiving Party a privilege log for the document(s) inadvertently produced.

11. Except as provided in this paragraph, following a Party's production or dissemination of Confidential Material, the failure to designate particular Confidential Material as "Confidential" or "Highly Confidential - Advisors' Eyes Only" at the time of production shall not operate to waive a Party's right to later designate such Confidential Material as "Confidential" or "Highly Confidential - Advisors' Eyes Only." If an omitted "Confidential" or "Highly

5

26780112v1 92132.070.01

Confidential - Advisors' Eyes Only" designation is first claimed during the course of a deposition or hearing, the subject Confidential Material may be used during that day's deposition or hearing as though no designation had been made but shall be treated as though such designation had been made immediately thereafter. Further, in the event that (i) a Producing Party produces or disseminates Confidential Material that was not designated as "Confidential" or "Highly Confidential - Advisors' Eyes Only" at the time of production, and (ii) such Producing Party later designates such Confidential Material as "Confidential" or "Highly Confidential - Advisors' Eyes Only," then any Receiving Party that disclosed such Confidential Material to persons other than those enumerated in Paragraph 5 cannot be held liable under this Agreement if such disclosure occurred prior to the time the Producing Party notifies the Receiving Parties of its intent to designate such Confidential Material as "Confidential" or "Highly Confidential - Advisors' Eyes Only."

12. This Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to applicable principles of conflicts of law to the extent that the application of the laws of another jurisdiction would be required thereby. The Parties hereby irrevocably and unconditionally submit to the exclusive jurisdiction of the Bankruptcy Court for any dispute, suit, action, or other proceeding arising out of this Agreement.

13. This Agreement binds the Parties only with respect to the matters expressly set forth herein. This Agreement constitutes the entire Agreement between the Parties regarding the subject matter hereof. No amendments, changes or modifications may be made to this Agreement without the express written consent of the Parties and approved by the Bankruptcy Court. No failure or delay by a Party in exercising any right hereunder or any partial exercise thereof shall operate as a waiver thereof or preclude any other or further exercise of any right hereunder.

14. Within sixty (60) days of the conclusion of the Chapter 15 Cases or any Related Proceeding, whichever is later, including all post-trial motions, motions for stay, mandamus, and appeals as to all Parties, upon request by a Producing Party, the Confidential Material and all copies thereof (or of portions thereof) in the possession of the Receiving Party, and all notes or other materials derived thereof, will be promptly (and in any case within fourteen (14) days of the Producing Party's request) returned to the Producing Party or destroyed by the Receiving Party and the Receiving Party shall confirm in writing to the Producing Party that all such material has been returned or destroyed in compliance with this Agreement; provided, however, the law firm for the Receiving Party shall be entitled to retain one copy of such material to the extent the Receiving Party reasonably believes that its retention is required by law or the rules or procedures of any government agency or regulatory or standards body having, or claiming to have, jurisdiction over the Receiving Party and shall not be required to destroy such materials held on electronic back-up or archived files. For the avoidance of doubt, this paragraph shall not require any Party or its Representatives to destroy or return any material that was in the possession of the Party or its Representatives prior to the time of disclosure in the Chapter 15 Cases to such Party by the Producing Party or its Representatives.

15. The undersigned counsel represent that they have the authorization to execute this Agreement on behalf of their respective clients.

6

26780112v1 92132.070.01

16. This Agreement may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

17. The Parties have cooperated in the drafting and preparation of this Agreement. Therefore, in any construction to be made of this Agreement, the Agreement shall not be construed for or against any Party on that basis.

Accepted and agreed to as of the date first written above:

Dated: January 9, 2019
       New York, New York

HOLLAND & KNIGHT LLP

/s/Warren E. Gluck
Warren E. Gluck, Esq.
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
*Counsel for the Liquidators of the Master Fund*

CONDON TOBIN SLADEK THORNTON, PLLC

/s/Kendal B. Reed
Aaron Z. Tobin
Kendal B. Reed
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

*Counsel for Non-Party AGX Holdings, LLC and Non-Party AGH Parent, LLC*


Dated: August 5, 2019
       New York, New York

SO ORDERED:

/s/Shelley C. Chapman
Hon. Shelley C. Chapman
United States Bankruptcy Judge

7

# Exhibit A

# ADDENDUM TO AGREEMENT

I _____, declare under penalty of perjury, the following:

I reside at _____ in the City/County of _____ and State of _____;

I have read the annexed Confidentiality Agreement and Protective Order (the "Agreement"), dated _____, 2019;

I am fully familiar with and agree to comply with and be bound by the provisions of the Agreement and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York, and I will not divulge to any persons or entities other than those specifically authorized by the Agreement and will not copy or use, except solely for purposes permitted under the Agreement, any Confidential Material (as such term is defined in the Agreement), or information derived therefrom.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____         Signed: _____

26780112v1 92132.070.01

#58956852_v2